**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO: 1:21-cv-23518-JLK

EDWIN LEE GRAHAM,

    Plaintiff,

v.

ACI WORLDWIDE, INC., and
ACI WORLDWIDE CORP.,

    Defendants.
_____/

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

THIS MATTER is before the Court upon Defendants' Motion to Dismiss (DE 5) (the "Motion"), filed October 15, 2021. The Court has also considered Plaintiff's Response (DE 6) and Defendant's Reply (DE 7). Upon careful consideration of the pleadings and the record, the Motion is granted for the reasons stated herein.

On April 29, 2021, the *pro se* Plaintiff filed his first lawsuit against Defendant ACI Worldwide Inc. *See* Mot. at 2. The matter was voluntarily dismissed without prejudice. *Edwin Lee Graham v. ACI Worldwide, Inc.*, Case No. 2:21-CV-500-SPC-NPM (M.D. Fla. July 19, 2021).

On June 21, 2021, Plaintiff filed his Complaint in this matter against his former employer in the Eleventh Judicial Circuit in and for Miami-Dade County. *See* Compl., DE 1-3. On July 8, 2021, Plaintiff filed his Amended Complaint. *See* Am. Compl., DE 1-8. The Amended Complaint alleges Defendants owed Plaintiff a duty under the Fair Credit Reporting Act ("FCRA") to report accurate information to Equifax, and that Defendants breached this duty. *Id.* at 2.

On September 24, 2021, Defendants were served. *See* DE 1-14. On October 6, 2021, Defendants timely removed this matter to this Court. *See* Not. of Removal, DE 1. Defendants now seek to dismiss the Amended Complaint with prejudice. Defendants argue that Plaintiff does not have a private right of action under the FCRA, that the applicable statute of limitations bars Plaintiff's claim, and that the Amended Complaint fails to sufficiently plead injury and notice. *See* Mot.

An action to enforce liability under the FCRA must be brought no later than the earlier of: (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs. *See* 15 U.S.C. § 1681p.

On February 14, 2019, a background checked revealed "incorrect information" that was given to Plaintiff's future employer. *See* Am. Compl. at 1. Plaintiff discovered the violation "a few days later." *Id.* Additionally, Plaintiff's last day of employment with Defendants was August 1, 2018, and Plaintiff discovered the violation "[a]fter eight months from the last day of [employment] at ACI." *Id.* As such, Plaintiff discovered the violation no later than April 1, 2019.

Two years after the date of the discovery of the violation—and the deadline to bring a cause of action—falls on April 1, 2021. Plaintiff's Complaint was filed on June 21, 2021. DE 1-3. The Complaint, and Amended Complaint, are time barred under 15 U.S.C. § 1681p. Even if the above-styled action relates back to the original lawsuit filed April 29, 2021, it is still time barred.

Plaintiff additionally requests that "[i]f the Federal Court wishes not to move forward with the case for whatever reason, please remand back to State Court." *See* Resp. This Order dismisses with prejudice Plaintiff's claims of FCRA violations and the Amended Complaint, so remand is

not possible. Should Plaintiff seek to file a separate lawsuit in state court (not based on the FCRA), Plaintiff may file a new lawsuit in state court.

Accordingly, it is **ORDERED, ADJUDGED and DECREED** that

1. Defendants' Motion to Dismiss **(DE 5)** be, and the same is, hereby **GRANTED**,

2. Plaintiff's Amended Complaint **(DE 1-8)** be, and the same is, hereby **DISMISSED WITH PREJUDICE**,

3. All pending motions are **DENIED AS MOOT**, and

4. The Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida dated this 2nd day of November, 2021.

_____
HONORABLE JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE

**cc:**   **All Counsel of Record**
          Edwin Lee Graham, *pro se*